Thomson, J.,
delivered the opinion of the court.
This is replevin, brought by Florence Walters against James Hanlin. The defense was lien for an unpaid hoard bill. Plaintiff had judgment, and defendant appeals. The facts are these : The defendant was the manager of the Standard Theater in Pueblo. He testifies that he was also an inn keeper and a hoarding house keeper. He engaged the *520 plaintiff in Kansas City, Missouri, to work in his theater, furnished her with transportation to Pueblo, and some cash for other purposes, amounting in all to $58.40. She boarded and lodged at his boarding house, and four days after her arrival commenced work in the theater as “ forepart woman.” Defendant’s wife was also connected with the theater, under her husband, in some capacitj’. The testimony is that she “ had charge of the girls,” of whom plaintiff was one. The arrangement was that she was to remain in his service “ as long as she complied with the rules of the house,” at the customary salary for that class of work, which defendant says was $12 per week. She lived in his boarding house three weeks and two days. He charged her at the rate of $7 per week for her board and lodging. The wife of defendant made an assault upon her in her own room, struck her with a loaded cane and threatened to kill her. She then left defendant’s boarding house and his service. She testifies that she was willing to carry out her part of the contract, but was afraid to do so on account of Mrs. Hanlin’s threats. The defendant was fully cognizant of the assault, being present at the time. At the time she left, 'her salary amounted to $32.00, and the charges against her for board and lodging to $23.00. The defendant undertook to apply the entire salary upon the Kansas City account, leaving the board and lodging unpaid; and to secure himself for these seized a trunk and valise belonging to plaintiff, and their contents. This is the property in controversy, and upon which he claims a lien. The trunk contained the plaintiff’s stage dresses, without which she was unable to follow her calling. Employment was offered to her, but she could not accept it because she could not get her clothes.
The controversy between counsel for the parties is over the doctrine of application of payments by a creditor in the absence of direction from the debtor; defendant’s counsel contending that, inasmuch as the plaintiff never indicated the application which she desired made of her wages, the defendant could appby them as he pleased, and that in crediting *521 them on the Kansas City debt he only exercised a light given him by law; and counsel for plaintiff maintaining the contrary position.
We are not disposed to go into this question. The defendant is hardly in a position to insist upon the application of this or any other abstruse doctrine in his case. Counsel for defendant, after reviewing the evidence, says: “ From these facts no fair mind can escape the conclusion that the intention of appellee was to pay her indebtedness to appellant with work, and to continue to work for him until he was fully paid, and the intention of appellant was to receive such work as payment.” We think counsel has correctly interpreted the agreement. Defendant was bound to accept payment in work, and consequently was bound to provide the work, and see that the plaintiff was permitted to do it. As his employee he owed her certain duties, among which was the use of proper means to protect her from violence at the hands of her co-employees, and others in his service. He admits in his testimony that she did her work well, and complied with all his rules and regulations. She did not desire to abandon his employment, and did not do so voluntarily. She was terrified out of his service by a person in whose charge he had placed her, and for whose acts he was responsible. He had knowledge of the facts, and took no precautions for her protection. Fears for her personal safety compelled her to leave. It was not her fault, but his, that he was not paid in accordance with the agreement. He seized and retained articles belonging to her, and necessary to her vocation, so that she was unable to obtain employment elsewhere. Under these circumstances he will not be permitted, in this action, to say that the indebtedness is not fully paid. The amount actually earned by her exceeds the charge for her board and lodging; he has the excess, and may apply it in satisfaction of the Kansas City debt. She owes him nothing for board and lodging, and he has, therefore, no lien. The judgment will be affirmed.

Affirmed.